# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53845-8-II |
| Respondent, | |
| v. | |
| PATRICK LEVI DENNIS, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — Patrick Dennis appeals his convictions for possession of a controlled substance, heroin and suboxone, stemming from the execution of a search warrant based on an informant's tip. During the pendency of this appeal, the Supreme Court decided *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). In *Blake*, the Supreme Court held that Washington's strict liability drug possession statute, RCW 69.50.4013(1), violates state and federal due process clauses and, therefore, is void. *Id.* Relatedly, the superior court issued an order vacating these convictions on March 18, 2021, while the case was under consideration in this court.

Dennis submitted supplemental briefing to this court, arguing that his convictions must be vacated pursuant to *Blake*. The State conceded that Dennis's convictions are void.

A defendant cannot be convicted based on a void statute. Thus, we accept the State's concession that Dennis's convictions for unlawful possession of controlled substances must be vacated. *See State v. Rice*, 174 Wn.2d 884, 893, 279 P.3d 849 (2012). However, the superior court lacked authority to enter an order vacating Dennis's convictions under RAP 7.2.

RAP 7.2 addresses the trial court's authority after review is accepted by this court. A trial court has authority to hear and determine motions of cases on appeal only to the extent provided in RAP 7.2. *State v. J-R Distributors, Inc.*, 111 Wn.2d 764, 768, 765 P.2d 281 (1988). However, RAP 7.2(e) clearly states, "If the trial court determination will change a decision then being reviewed by the appellate court, the permission of the appellate court must be obtained prior to the formal entry of the trial court decision. A party should seek the required permission by motion." No such permission was sought here.

The March 18 order purporting to vacate Dennis's convictions was entered without authority. To ensure the viability of any order resolving these charges pursuant to *Blake*, we remand this case to the trial court for an order vacating the convictions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Worswick, J.

_____
Lee, C.J.

2